IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICHARD L. WILLIAMS,

        Petitioner,

v.                                      CIVIL ACTION NO. 2:19cv41

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Richard L. Williams's ("Petitioner") *pro se*

Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No.

1, and Respondent Harold W. Clarke's ("the Respondent") Motion to Dismiss, ECF No. 12. The

matter was referred for a recommended disposition to the undersigned United States Magistrate

Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil

Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing

Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned

makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b)

and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned

**RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED,** and the

Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the Circuit Court for Accomack County, Virginia, Petitioner was convicted of eluding law enforcement, driving without a license, possession of marijuana, possession of cocaine, and distribution of morphine. ECF. No. 1 at 1. He was sentenced to twelve years and one month of confinement. ECF No. 1 at 1. He took no direct appeal. ECF No. 1 at 2. He served 305 days in county jail before becoming a state-responsible offender on July 12, 2012. S.R. at 22.[1] The Department of Corrections has calculated his release date to be March 7, 2022. S.R. at 23.

On or about October 27, 2017, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. *See* S.R. at 1; ECF No. 13 at 2 n.1 ("The Petition was mailed sometime after October 20, 2017, but the exact date is immaterial since counsel is not asserting that the petition is time barred."). Therein, Petitioner raised the following claims:

I. The Petitioner claims that his 12 yr. and 1 mo. sentence has not been properly calculated by the Va. Dept. of Corrections to reflect the correct and accurate date of release, in violation of VA. Code § 53.1-165.1, and his 5th and 14th U.S. Const. Rights.

II. The Petitioner claims that he is entitled to a shown breakdown in numbers of how his sentence has been calculated to project and determine the accuracy of his release date with the application of 85% and jail credits.

S.R. at 3-5. On June 6, 2018, the Supreme Court of Virginia denied and dismissed Petitioner's state habeas petition. S.R. at 38. With respect to Claim I, the Supreme Court of Virginia found it to contain two separate subclaims. S.R. at 38. The court considered the first subclaim to be that Petitioner did not receive credit for his time served and good conduct in county jail. S.R. at 38. It found this claim meritless on the basis of the evidence before it. S.R. at 38. The court considered

---

[1] In accordance with the Court's order, the Respondent submitted the Petitioner's state court record to this Court for review. ECF No. 8. Because many of the documents relevant to this Petition are included in the state court records, the Court attaches the relevant portions of Petitioner's state court records as an appendix to this report and recommendation, and refers to such as "S.R." The page citations to the relevant pages in the state court record are those assigned by the state court in the bottom left-hand corner.

the second subclaim to be that Petitioner was not earning the correct good time credits while a state responsible offender. S.R. at 38. The Supreme Court of Virginia dismissed this, and Claim II, on procedural grounds. S.R. at 38-39.

Petitioner filed a petition for rehearing on or about June 18, 2018. S.R. at 40. Therein, Petitioner assigned two errors:

> I.    The Court has errored in dismissing Williams Habeas Corpus petition in violation of his 14th Amend. U.S. Const. Right to due process for the reasons stated in its June 6, 2018 rule.
>
> II.    The Court has errored in failing to provide Williams with a hearing upon his Habeas Corpus petition prior to the entry of its rule of June 6, 2018 dismissing his petition.

S.R. at 43. The Supreme Court of Virginia denied the petition for rehearing on October 4, 2018. S.R. at 62.

Petitioner filed the instant *pro se* § 2254 Petition for federal habeas relief, ECF No. 1, on January 22, 2019. Therein, Petitioner raised the following three grounds for habeas relief:

> 1.  The Courts application of Carroll v. Johnson, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009), is wrong and misplaced.
>
> 2.  Counsel for the Respondent has submitted an Affidavit of James E. Parks, (Respondent's Exhibit 1) where at paragraph 8, page 3, says "The sentencing "guideline" referenced in Williams lawsuit is not a VDOC form and I do not know the origin of that particular form." However, Parks does not deny the fact that the form properly calculates Williams time to serve on a 12 year 1 month sentence. Whether or not the form is an official compute-generated VDOC sentence calculation is left to dispute where Parks is not an expert and where he was not present when Williams received the form nor does Parks provide any other exact method of calculating an inmates time to serve upon a sentence of confinement.
>
> 3.  The Court did not apply the writ of habeas corpus under common law and the language of the federal habeas corpus statute.

ECF No. 1 at 5-11. *See also* ECF No. 13 at 1.

Following a determination of Petitioner's financial ability to pay a $5.00 filing fee and his ultimate payment of that fee, on October 3, 2019, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice. ECF Nos. 11-14. Petitioner filed a Response in Opposition on October 24, 2019. ECF No. 15. Upon review of the Petition, the Respondent's Motion to Dismiss, Petitioner's Opposition, and all relevant exhibits, the Court issued an order on June 23, 2020 requesting that Respondent clarify how the VDOC calculates an inmate's good time credits where an inmate is receiving good time credits at a rate of 4.5 days of credit per 30 days served. ECF No. 16. The Court also permitted Petitioner fourteen days to review and respond to any submission from the Respondent. *Id.* Respondent submitted a response and an affidavit from Donna M. Shiflett, Manager of the Court and Legal Services for VDOC, which clarified that an inmate must serve the 30 days before he accrues the 4.5 days. ECF No. 17. On July 27, 2020, the Court received a letter from Petitioner dated July 19, 2020, requesting additional time to file his response. ECF No. 18. The Court interpreted Petitioner's request as a motion for an extension of time, and granted Petitioner 14 days from the date of his letter, making any response by Petitioner due by Monday, August 3, 2020. As of the date of this Report and Recommendation, Petitioner has not filed any response and the time to do so has now expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II.  DISCUSSION

A. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates

4

the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Here, it appears that Petitioner at least raised his claim made in Ground One of the Petition at the Supreme Court of Virginia, but in any event, Respondent has not argued that Petitioner has failed to exhaust his claims.[2] S.R. at 3; ECF No. 13. Accordingly, the Court will consider each claim below.

B. Standard of Review

Habeas relief is warranted only if Petitioner can demonstrate that the merits adjudication of each of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[2] Nor is there any argument that the Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 13 n.1; *see* 28 U.S.C. § 2244(d)(1)(A) (statute of limitations for AEDPA begins to run from "the date on which the judgment became final by the conclusion of direct review.").

Thus, if the state court ruled on the merits, federal habeas relief is precluded so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether

6

the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where the state court does not review a petitioner's claim on the merits, "AEDPA deference is inappropriate and a federal court must review the claim *de novo*. *Winston v. Pearson*, 683 F.3d 489, 496 (4th Cir. 2012). "Whether a claim has been adjudicated on the merits is a case-specific inquiry." *Id.* If the state court's decision was made based on the unavailability of state habeas relief, then the decision was not based on the merits and the court must review the claim

*de novo. Higdon v. Jarvis*, Civil Action No. 7:11-cv-00330, 2012 U.S. Dist. LEXIS 29501, at \*12

(W.D. Va. Mar. 5, 2012).

C. Facts and Findings of Law

 *1. Ground One*

 In Ground One of the Petition, Petitioner states that: [t]he Court[']s application of *Carroll*

*v. Johnson*...is wrong and misplaced." ECF No. 1 at 5.  In support of Ground One, Petitioner

states:

> Petitioner was entitled to receive 2.25 days for every 30 days served in jail, he served 305 days and was not given credit, and a court's order in his favor will as a matter of law directly impact the duration of petition imprisonment by short[en]ing his sentence. Furthermore he was entitled to receive 4.5 days for every 30 days serve[d] once he became VDOC responsible. Petitioner provided a chart given to him upon his ent[]ry [to] the VDOC[...]Which accurately calculates the amount of time he is to serve upon his sentence 12 years and one (1) month.

ECF No. 1 at 5.  Thus, Ground One of the Petition appears to make two arguments, both of which

were considered by the Supreme Court of Virginia.

 First, the Petition appears to claim that Petitioner was not properly credited for his 305 days

in county jail.  *Id.*  The Supreme Court of Virginia held this portion of the claim was without merit

because the record, including an affidavit from VDOC Director of Offender Management Services

James E. Parks, demonstrated that Petitioner has been properly credited for his time in county jail,

and his projected release date is correct.  S.R. at 38.  Because the Supreme Court of Virginia's

decision on this part of the claim was on the merits, the Court will review it under AEDPA's

deferential standard.  *See Harrington*, 562 U.S. at 102.

 Second, the Petition appears to claim that VDOC miscalculated Petitioner's projected

release date, and he has not accrued good time credits at the correct rate while he has been a state

responsible offender.  Petitioner bases this claim upon a chart that he attached to his state habeas

8

petition. S.R. at 9. The Supreme Court of Virginia held this portion of the claim was not

cognizable in habeas under *Carroll v. Johnson*, because it concerns the rate at which petitioner's

good conduct or sentence credit is or will be estimated.[3] S.R. at 38-39. Because the Supreme

Court of Virginia's decision "was not based on the underlying merits" for the purposes of Section

2254(d), "but rather on the unavailability of state habeas relief" the Court must review the claim

*de novo. Higdon v. Jarvis*, Civil Action No. 7:11-cv-00330, 2012 U.S. Dist. LEXIS 29501, at *12

(W.D. Va. Mar. 5, 2012). The Court will begin its analysis with this argument first.

### a. Ground One: De Novo Review of Petitioner's Claim that VDOC Has Miscalculated His Release Date

Petitioner is not entitled to federal habeas relief to the extent his argument is based on the

Virginia Supreme Court's misapplication of *Carroll v. Johnson*, as it is a claim that he is

incarcerated in violation of state law. *Higdon*, 2012 U.S. Dist. LEXIS 29501, at *12. However,

Petitioner is entitled to consideration of federal habeas relief regarding his "broad claim that the

VDOC improperly calculated his [good time] credits" because such a calculation "implicates the

due process clause of the Fourteenth Amendment." *Id.* Thus, in order to determine whether the

VDOC's calculation of Petitioner's good time credits violates due process, the Court must

determine (1) whether the VDOC properly accounted for Petitioner's sentence credits before he

became a state responsible offender, and (2) whether VDOC is correctly calculating Petitioner's

projected release date.

Petitioner was sentenced to twelve years and one month of incarceration. ECF No. 1 at 1.

If he received no credit, he would be required to serve 4,410 days in jail ((365 x 12) + 30 = 4,410).

---

[3] Quoting *Carroll*, the Supreme Court of Virginia held that Petitioner's claim was not cognizable in habeas "because an order entered in the petitioner's favor…will not result in an order interpreting convictions or sentences that, on its face and standing alone, will directly impact the duration of the petitioner's sentence." S.R. at 39; *see also Carroll v. Johnson*, 278 Va. 683, 694 (2009).

However, Petitioner is entitled to credits stemming from the time he served in Accomack County Jail. ECF No. 1 at 5; ECF No. 13 at 5. Petitioner served 305 days in Accomack County Jail while awaiting his trials (11 days in 2010 and 294 days from 2011-2012). ECF No. 1 at 5; S.R. at 23. This time was comprised of misdemeanor and felony sentences. ECF No. 13 at 5. Because Petitioner served 32 days for his misdemeanor sentences (11 days in 2010, and 21 days in 2011), and he was entitled to earn good conduct time at a rate of 30 days per 30 days for this time, ECF No. 13 at 5, Petitioner was entitled to 32 days good conduct time for his misdemeanor sentences $(32 \times 1 = 32)^4$. After he served his misdemeanor sentences, Petitioner served time in Accomack County Jail for his felony sentences from October 13, 2011, to and including July 11, 2012. ECF No. 13 at 5. This was a total of 273 days. While serving his felony sentences, Petitioner earned 2.25 days of credit for every 30-days served. ECF No. 13 at 5. Petitioner was therefore entitled to 20.475 days of good time from his 273 days served $(273 \times .075 = 20.475)^5$. Thus, between Petitioner's days served (305), his misdemeanor credit (32), and his felony credit (20.475), Petitioner's jail credits reduced his sentence by 357.475 days.

Petitioner became a state responsible offender when he entered VDOC custody on July 12, 2012. ECF No. 13 at 5. Because he was sentenced to 4,410 days, and he earned 357.475 days of credit from his time in jail, he would be required to serve 4,052.525 days in VDOC custody if he earned no other credits while serving his sentence (4,410 - 356.475 = 4,052.525). Therefore, if Petitioner received his credits from his time at Accomack County Jail and nothing else, his release date would be August 9, 2024.

---

[4] $\frac{30}{30} = 1$

[5] $\frac{2.25}{30} = .075$

However, Petitioner has accrued credits towards his sentence during his incarceration. According to the Virginia Code, an inmate may earn "a maximum of four and one-half sentence credits[] for each 30 days served. Va. Code. § 53.1-202.3. Respondent asserts that Petitioner was receiving good time credits at a rate of 4.5 days per every thirty days served as a state responsible offender. ECF No. 13 at 5 (citing S.R. at 23 (affidavit of James E. Parks)). This means that, for every 30 days Petitioner served, he is credited with serving 34.5 days. ECF No. 17-1 at 2.[6] Therefore, while Petitioner is a Class I offender, assuming he does not get any credits taken away, he serves roughly 86.96% of his sentence ($\frac{30}{34.5}$ = .8696...). ECF No. 17-1 at 2; *see also* ECF No. 15 at 7 (Petitioner's exhibit from Virginia CURE which states Class I inmates in Virginia serve 86.96% of their sentence). When Petitioner's time in VDOC custody is reduced to 86.96%, he must serve 3,524.07574 days (4,052.525 x .8696 = 3,524.07574). The projected release date of March 7, 2022 provided by VDOC is 3,524.07574 days after July 12, 2012. Therefore, VDOC has properly accounted for Petitioner's sentence credits for his time served before becoming a state responsible offender, and VDOC appears to be calculating Petitioner's projected release date correctly using the standard set forth in the Virginia Code. The Court thus finds that Petitioner's sentence calculation does not implicate the due process clause of the Fourteenth Amendment and **RECOMMENDS** that this portion of Ground One be **DISMISSED**.

---

[6] The affidavit Respondent submitted from Donna M. Shiflett, Manager of the Court and Legal Services for VDOC clarified that an inmate must serve the 30 days before he accrues the 4.5 days. ECF No. 17. In other words, for every 30 days an inmate serves, it is as if he or she served 34.5 days. *Id.* at 2. Understanding that several factors determine a Petitioner's release date, the .8696 multiplier can be used to determine an estimated release date.

11

b. Ground One: § 2254(d) Review of the Virginia Supreme Court's Determination that Petitioner is Not Entitled to Additional Time Credits and His Projected Release Date is Correct

The Court will now address the portion of Ground One in which Petitioner argues he did not receive the jail credits to which he was entitled. The Supreme Court of Virginia addressed this issue on the merits, and held:

> The Court holds this portion of [Claim I] is without merit. The record, including the affidavit of James E. Parks, Director of Offender Management Services for the VDOC, demonstrates petitioner's active sentences have been credited with 305 total days of jail credit, that his sentences have been calculated correctly, that he has received all appropriate credits, and that his projected release date of March 7,2022, is correct.

S.R. at 38. Under the applicable legal standard, this Court must uphold the Supreme Court of Virginia's decision unless "our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Bell v. Jarvis*, 236 F.3d 149, 163 (4th Cir. 2000)

Here, relying on the Parks Affidavit, the Supreme Court of Virginia determined that Petitioner had been credited with 305 days of jail credit, his sentences were calculated correctly, he received all appropriate credits, and his projected release date of March 7, 2022 is correct. S.R. at 38. There is nothing in the record to indicate that the Supreme Court of Virginia's decision contravenes or unreasonably applies clearly established federal law. *See, e.g., Abdul-Hamid v. Angelone*, No. 00-846-AM, 2001 U.S. Dist. LEXIS 27082, at *12 (E.D. Va. Mar. 9, 2001) ("When a state creates a protected liberty interest in good-time credits, the inmate is entitled 'to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state created right is not arbitrarily abrogated.'") (quoting *Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993)). Nor was the Supreme Court of Virginia's decision based on an

12

unreasonable determination of the facts in light of the evidence presented. The Virginia Supreme Court relied on the Parks affidavit to determine that Petitioner's sentence was appropriately calculated. The Supreme Court of Virginia's ruling was not contrary to federal law or unreasonable in light of the evidence, and therefore the undersigned **RECOMMENDS** that this portion of Ground One be **DISMISSED**.

### 2. Ground Two

In Ground Two of the Petition, Petitioner states that the Parks Affidavit "does not deny the fact that [Petitioner's] form properly calculates Williams['s] time to serve on a 12 year 1 month sentence." ECF No. 1 at 6. At the outset, the Court notes that the Parks Affidavit neither affirms nor denies that Petitioner's form properly calculates Petitioner's time to serve but instead avers that Petitioner's form is not a VDOC sentence calculation. S.R. at 23 ("I do not know the origin of this particular form. It appears to be a document intended to assist offenders in estimating their time. It is not an official computer-generated VDOC sentence calculation."). In any event, Ground Two does not appear to be raising an argument cognizable in a federal habeas corpus proceeding. Federal habeas relief only lies where a state prisoner is held in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992). Ground Two does not appear, on its own, to state such a claim. Instead, Ground Two appears to be an argument in support of Ground One. To the extent Petitioner argues his sentence was miscalculated, or that it was unreasonable for the Supreme Court of Virginia to rely on the Parks Affidavit, Petitioner's claim fails. *See* section II.C.1., *supra*. Accordingly, the undersigned **RECOMMENDS** that Ground Two be **DISMISSED**.

13

### 3. *Ground Three*

In Ground Three, Petitioner contends the Supreme Court of Virginia "did not apply the writ of habeas corpus under common law and the language of the federal habeas statute." ECF No. 1 at 8. As stated above, federal habeas relief only lies where a state prisoner is held in violation of the constitution, laws or treaties of the United States, 28 U.S.C. § 2254(a). Ground Three does not allege how the Supreme Court of Virginia did not apply "did not apply the writ of habeas corpus under common law"[7] and the Supreme Court of Virginia is not required to apply the federal habeas statute in state habeas proceedings. *See* § 2254(a) (governing the United States Supreme Court and federal district courts). Accordingly, the undersigned **RECOMMENDS** that Ground Three be **DISMISSED**.

## III.  RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[7] To the extent Petitioner makes such claims in Ground I, they are addressed above. *See* section II.C.1, *supra.*

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 11, 2020

15